UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                          **DECISION AND ORDER**
                                                   02-CR-214 (2) S

SAHIM ALWAN,

                       Defendant.

## I. INTRODUCTION

Defendant Sahim Alwan pled guilty on April 8, 2003, to providing material support to a terrorist organization in violation of 18 U.S.C. § 2339B, in what has widely become known as the Lackawanna Six case. This Court thereafter sentenced Alwan to a term of imprisonment of 114 months on December 17, 2003. Familiarity with previous proceedings is presumed. See generally United States v. Goba, 240 F.Supp.2d 242 (W.D.N.Y. 2003); United States v. Goba, 220 F.Supp.2d 182 (W.D.N.Y. 2002).

Presently before this Court is the Government's Motion to Reduce Alwan's sentence by six months pursuant to Rule 35(b)(2) of the Federal Rules of Criminal Procedure. In support of its motion, the Government has filed the sealed affidavit of Timothy C. Lynch, Assistant United States Attorney. The affidavit describes the valuable assistance Alwan has provided in a number of high profile and important terrorism prosecutions. The Government's motion is further supported by a sealed affirmation filed by Alwan's lawyer, which further details Alwan's significant cooperation.[1]

---

[1] Consistent with United States v. Gangi, this Court provided Alwan the opportunity to respond to the Government's motion. 45 F.3d 28, 32 (2d Cir. 1995) (holding that "a defendant must have an opportunity to respond to the government's characterization of his post-sentencing cooperation and to persuade the court of the merits of a reduction in sentence").

This Court has carefully considered the parties' submissions and concludes that Alwan has earned the sentence reduction requested by the Government. Accordingly, the Government's motion is granted, and Alwan's sentence is reduced from 114 months to 108 months.

## II. DISCUSSION AND ANALYSIS

**A.  Rule 35(b): Reducing a Sentence for Substantial Assistance**

Rule 35(b)(1) permits a court, upon the Government's motion within one year of sentencing, to reduce a defendant's sentence if he "provided substantial assistance in investigating or prosecuting another person; and reducing the sentence accords with the Sentencing Commission's guidelines and policy statements." Fed. R. Crim. P. 35(b)(1)(A) & (B). If the Government's motion is made *more* than one year after sentencing, which is the case here, the defendant's substantial assistance must involve the following type of information:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing; but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2)(A)–(C).

The Second Circuit has held that Rule 35 motions are akin to those brought under § 5K1.1 of the United States Sentencing Guidelines, and should therefore be construed similarly. See United States v. Gangi, 45 F.3d 28, 31 (2d Cir. 1995) ("We are persuaded that, due to similarity in language and function, § 5K1.1 should inform our construction of Rule 35(b)."); see also United States v. Suarzo, No. 96 CR 450, 2000 WL 1558737, at *2 (S.D.N.Y. Oct. 18, 2000). Both motions are premised on a defendant's substantial assistance to the Government; the only practical difference is that Rule 35 rewards post-sentencing assistance, while § 5K1.1 rewards assistance provided before sentencing. See Gangi, 45 F.3d at 30. As such, the following factors are considered in evaluating a Rule 35 motion:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a); see also Gangi, 45 F.3d at 31.

**B.    Alwan's Substantial Assistance**

Alwan's substantial assistance is described in the sealed submissions filed by the government and Alwan.[2] These submissions fully describe Alwan's cooperation and detail the personal sacrifices he has made to assist the Government. Alwan's assistance has been entirely voluntarily and the information he has provided has been candid and truthful. For these efforts, the Government believes that a 6-month sentencing reduction is appropriate.

This Court concurs in the Government's assessment of Alwan's assistance and finds that he has provided significant, truthful information that has been useful in the Government's investigation and prosecution of others. Because the submissions are sealed, this Court will not recount them in detail here. But based on this Court's review, it finds that the 6-month sentence reduction requested by the Government is warranted. Alwan's assistance has been extensive and entirely voluntary. He has willingly provided valuable information at a significant personal cost. Moreover, this Court specifically finds that Alwan's assistance has been prompt and that the information he has provided became useful to the Government more than one year after he was sentenced, thereby rendering the Government's motion timely under Fed. R. Crim. P. 35(b)(2).

---

[2] The Government has, of course, been served with Alwan's submission. It has not objected or taken issue with the information contained therein.

## III.  CONCLUSION

For his voluntary cooperation and substantial assistance to the Government in the investigation and prosecution of others, Alwan has earned a 6-month sentence reduction. His sentence will therefore be reduced from 114 to 108 months.

## IV.  ORDERS

IT HEREBY IS ORDERED, that the Government's Motion for Reduction of Sentence (Docket No. 299) is GRANTED.

FURTHER, that the Probation Office shall prepare an Amended Judgment of Conviction reducing the term of imprisonment to 108 months.  In all other respects the sentence remains the same.

FURTHER, that the Probation Office shall promptly submit the Amended Judgment to this Court for review and signature.

Dated:         June 16, 2010
               Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                                   Chief Judge
                              United States District Judge